IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY SPURGEON, as custodian for the benefit of James E. Spurgeon, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>PACIFIC LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| JAMES E. SPURGEON, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>PACIFIC LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-cv-983-GPM |

## MOTION TO CONSOLIDATE

Pacific Life Insurance Company ("Pacific Life"), pursuant to Federal Rule of Civil Procedure 42(a), respectfully moves to consolidate the above-captioned case with case number 06-cv-925-JPG. Pacific Life filed its Notice of Removal in the above-captioned case on November 28, 2006. Pacific Life filed its Notice of Removal in Case No. 06-cv-925 on November 13, 2006. These two Notices of Removal involve the same case. Pacific Life filed both Notices of Removal as a precaution because of the peculiar procedural posture of the case.

The convoluted procedural history of this case is detailed in the Notices of Removal. In brief, the case had been dismissed by this Court and by the Circuit Court of Madison County. After this Court dismissed the case, Spurgeon both appealed this Court's dismissal to the

Seventh Circuit, and then petitioned the Supreme Court for a writ of *certiorari* to review the Seventh Circuit's prior decision in this case, which was granted in part. The Supreme Court ruled that the Seventh Circuit had lacked jurisdiction to issue its prior decision and remanded the case to the Seventh Circuit. The Seventh Circuit addressed both the Supreme Court's remand of the earlier procedural posture of this case and Spurgeon's appeal of this Court's dismissal of the case – along with other market-timing cases – in one consolidated procedure. The Seventh Circuit dismissed the earlier posture of this case remanded from the Supreme Court for want of jurisdiction. The Seventh Circuit then reversed this Court's dismissal of the case because that dismissal was based on the Seventh Circuit's 2005 decision, which the Supreme Court had vacated for lack of jurisdiction. The Seventh Circuit distinguished the substantive decision it had reached in its 2005 decision, and explained that the Supreme Court had confirmed its validity in a related decision. The Seventh Circuit also left open the possibility that, once remanded to state court, the case could be removed again in light of this new governing law.

Before the Seventh Circuit's mandate issued, however, the Circuit Court of Madison County reopened the case there, on November 9, 2006. Pacific Life promptly removed it to this Court on November 13, 2006. It was docketed as 06-cv-925.

After the Seventh Circuit's mandate issued, this Court promptly followed that mandate and remanded the case in its earlier procedural posture, docketed 04-cv-0355-MJR, to the Circuit Court of Madison County on November 20, 2006. Therefore, to ensure that this case has been properly removed, and to avoid any difficulties that might have been created by the state court's reopening the case before this Court remanded it, Pacific Life has also removed it following this Court's remand, docketed as 06-cv-983-GPM.

Pacific Life respectfully requests that the two docketed cases be consolidated under the first-filed docket number, 06-cv-925, because they are different stages of the same case and consolidation will avoid further duplication of effort by this Court.

WHEREFORE, Pacific Life Insurance Company, pursuant to Federal Rule of Civil Procedure 42(a), respectfully moves to consolidate the above-captioned case with case number 06-cv-925-JPG.

Dated: November 30, 2006

Respectfully submitted,

PACIFIC LIFE INSURANCE COMPANY
*By its attorneys,*

/s/ W. Jason Rankin

Larry E. Hepler   # 01195603
W. Jason Rankin # 06237927
Hepler, Broom, MacDonald,
   Hebrank, True & Noce, LLP
103 West Vandalia Street, Suite 300
Edwardsville, IL 62025-0510
Telephone: (618) 656-0184
Facsimile: (618) 656-1364

*Of Counsel:*
Steven B. Feirson
Stephen J. McConnell
Nory Miller
DECHERT LLP
2929 Arch Street
Cira Centre
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

Kathleen N. Massey
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

## Certificate of Service

The undersigned certifies that on this 30th day of November, 2006, a copy of the foregoing has been served upon the attorneys of record through operation of the Court's ECF system which will electronically send notice of said filing to:

Stephen M. Tillery – stillery@koreintillery.com

and by U. S. Mail, by enclosing same in envelopes addressed as below, with proper first class postage fully prepaid, and depositing same in the U. S. Mail at Edwardsville, Illinois, at 5 p.m.:

> Robert L. King
> Swedlow & King LLC
> 701 Market Street, Suite 350
> St. Louis, MO 63101
>
> George A. Zelcs
> Korein Tillery
> 205 N. Michigan Avenue, Suite 1950
> Chicago, Illinois 60601
>
> John J. Stoia, Jr., Esq.
> Timothy G. Blood, Esq.
> William J. Doyle II, Esq.
> Lerach Coughlin Stoia Geller Rudman & Robbins LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> Andrew S. Friedman
> Francis J. Balint, Jr.
> Bonnett, Fairbourn, Friedman & Balint, P.C.
> 2901 N. Central Avenue, Suite 1000
> Phoenix, Arizona 85012

*Attorneys for Plaintiff and the Putative Class*

/s/ W. Jason Rankin

Larry E. Hepler     # 01195603
W. Jason Rankin    # 06237927
*Counsel for Defendant*
*Pacific Life Insurance Company*