**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TERRY SPURGEON, as custodian for the benefit of James E. Spurgeon, individually and on behalf of all others similarly situated, *Plaintiff*, v. PACIFIC LIFE INSURANCE COMPANY, *Defendant*. | ) ) ) ) ) ) ) ) | 3:06-CV-00983 |
| JAMES E. SPURGEON, individually and on behalf of all others similarly situated *Plaintiff*, v. PACIFIC LIFE INSURANCE COMPANY, *Defendant*. | ) ) ) ) ) ) ) | |

**PLAINTIFF'S COMBINED MOTION AND**
**MEMORANDUM IN SUPPORT OF**
**MOTION TO REMAND FOR DEFECTS IN REMOVAL PROCEDURE**

## INTRODUCTION

The defendant has removed this case for the second time on the very same grounds it advanced the first time around. It asks the Court to reconsider its 2004 remand order now in light of the Supreme Court's decision in *Dabit*. "*Dabit*," it contends, "is clearly controlling here, and unequivocally rejects the *sole* basis for the 2004 remand order—*viz.*, that SLUSA does not apply to so-called 'holder' class actions." 11/13/06 Notice of Removal at 2. One of several problems with that contention, however, is that the removal statute does not permit second removals based on a change in the law. And as *Kircher* conclusively established, the general removal statute does indeed govern the procedure for removals pursuant to SLUSA. Accordingly, even if *Dabit* did constitute a "change in the law," the case must be remanded pursuant 28 U.S.C. § 1447(c) as

a prohibited and thus procedurally defective second removal because it is based on the same grounds asserted in the first removal.

A second problem with this removal is that the law of the case doctrine precludes it. As *Kircher* also definitively established, this Court's 2004 remand order was "conclusive" on the issue of forum. Thus, again, even if *Dabit* did constitute a "change in the law," the case must be remanded pursuant 28 U.S.C. § 1447(c) as a prohibited and thus procedurally defective second removal.

A third defect in the defendant's second attempt to remove this case is that it is untimely. The general removal statute requires removal of a case within 30 days of the event which makes a case removable, and the defendant is way out of time. Indulging every possible benefit of the doubt to defendant, even if the Supreme Court's decision in *Dabit* somehow revived the defendant's right to remove, the latest date on which it could have removed was thirty days after the Supreme Court clerk issued the Supreme Court's final judgment in *Kircher*[1]—and that occurred on July 17, 2006. As discussed below, the reason the thirty day period must be measured from the date of the Supreme Court's decision and not from the Seventh Circuit's later opinion is that, as of the date the Supreme Court's judgment became final on July 17, 2006, the Seventh Circuit's judgment was ***entirely vacated by operation of law***. The Supreme Court's judgment rendered a nullity everything that occurred in these proceedings up to and including the

---

[1] The Supreme Court does not issue mandates in appeals from federal courts like the appeal in *Kircher*. Rather, the Supreme Court clerk's issuance of  the judgment is the equivalent of the issuance of a mandate.

> In a case on review from any court of the United States, as defined by 28 U. S. C. § 451, a formal mandate does not issue unless specially directed; instead, the Clerk of this Court will send the clerk of the lower court a copy of the opinion or order of this Court and a certified copy of the judgment. The certified copy of the judgment, prepared and signed by this Court's Clerk, will provide for costs if any are awarded. In all other respects, the provisions of paragraph 2 of this Rule apply.

Sup. Ct. Rule 45(3).

Seventh Circuit's erroneous jurisdictional decision on June 29, 2004—indeed, everything that occurred subsequent to *this* Court's 2004 remand order became a complete nullity, as if none of it ever happened. On July 17, 2006, this Court's 2004 remand order was reinstated by operation of law. In other words, as of July 17, 2006, this case was *already back in state court* by operation of law and any attempt to re-remove it a second time had to have been attempted in August 2006. Thus, even if this case could have been removed a second time on the same grounds, the case must nevertheless be remanded pursuant 28 U.S.C. § 1447(c) as an untimely and thus procedurally defective second removal.

I.    **Defendant's second removal based on the same grounds as the first is barred either A) by the law of the case doctrine or B) by 28 U.S.C. § 1447(d)'s bar to review of remand orders "on appeal *or otherwise*." Either way, the 2004 remand order is "conclusive" on the issue of forum.**

The simplest of the reasons this Court should reject the defendant's attempt to remove this case a second time is that the removal statute does not permit it, and neither does the law of the case doctrine.

The general removal statute broadly prohibits any review of a remand order "on appeal *or otherwise*." 28 U.S.C. § 1447(d) (emphasis added). "'This language has been universally construed to preclude not only appellate review but also reconsideration by the district court.'" *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311-12 (2d Cir. 2005) (collecting cases[2]). *See also Doe v. American Red Cross*, 14 F.3d 196, 199 (3d Cir. 1993) ("Courts have construed Section

---

[2] *See, e.g., Seedman v. United States Dist. Court for Cent. Dist. of Cal.,* 837 F.2d 413, 414 (9th Cir.1988) (per curiam) (quoting 28 U.S.C. § 1447(d) and citing *New Orleans Pub. Serv., Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986) (per curiam); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 279 n. 3 (9th Cir.1984); *Three J Farms, Inc. v. Alton Box Bd. Co.,* 609 F.2d 112, 115 (4th Cir.1979); *Fed. Deposit Ins. Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979) (per curiam). *See also Lalondriz v. USA Networks, Inc.,* 68 F.Supp.2d 285, 286 (S.D.N.Y.1999) (stating that under section 1447(d) "a district court may not review [its remand order] on a motion for reconsideration"); *cf. Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 226 (3d Cir.1995) ("[O]ur precedent suggests a district court would lack jurisdiction to reconsider its order of remand once a certified copy of the remand order has been sent to the state court.").

1447(d) as prohibiting appeals of remand orders as well as reviews by district courts of their own remands based *on the same grounds as the initial removals*.") (emphasis added).

First, *Kircher* makes unmistakably clear that section 1447(d) applies to SLUSA removals.[3]

> The bar of § 1447(d) applies equally to cases removed under the general removal statute, § 1441, and to those removed under other provisions, and the force of the bar is not subject to any statutory exception that might cover this case.

*Kircher*, 126 S. Ct. at 2153 (citation omitted); *id.* at n.8 ("we must look to 28 U.S.C. § 1447(d) to determine the reviewability of remand orders under the Act [*i.e.*, SLUSA].").

Section 1447(d) bars more than just appellate review of a remand order, however. It bars all review "on appeal *or otherwise*."

> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. *Both are foreclosed*; nothing could be more inclusive than the phrase 'on appeal or otherwise.' *The district court has one shot*, right or wrong.

*In re La Providencia Dev. Corp.,* 406 F.2d 251, 253 (1st Cir. 1969) (emphases added). "The action must not ricochet back and forth depending upon the most recent determination of a federal court." *Id.* at 252. "Courts have construed Section 1447(d) as prohibiting appeals of remand orders as well as reviews by district courts of their own remands based *on the same grounds as the initial removals*." *Doe v. American Red Cross*, 14 F.3d 196, 199 (3d Cir. 1993) (emphasis added).

Congressional policy lies at the heart of the broad prohibition embodied by section 1447(d):

---

[3] This Court's contrary opinion, as set forth in *Bradfisch* and *Kwiatkowski*, is no longer good law in light of *Kircher*. *Cf. Bradfisch* 2005 WL 1653798 at *2-*3 (despite the fact that "removal under § 1446(b) is *not* available at this point" … "action could be removed under 15 U.S.C. § 77p(c) [*i.e.*, SLUSA]). *Kircher*, 126 S. Ct. at 2153 ("The bar of *§ 1447(d) applies equally to cases removed under the general removal statute*, § 1441, *and to those removed under other provisions*, and the force of the bar is not subject to any statutory exception that might cover this case.")

The policy of Congress opposes "interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed," *United States v. Rice*, 327 U.S. 742, 751, 66 S.Ct. 835, 90 L.Ed. 982 (1946), ***and nearly three years of jurisdictional advocacy in the cases before us confirm the congressional wisdom***.

*Kircher* at 2152 (emphasis added).

Moreover, the law of the case doctrine also bars successive removals. "The first remand, ***because it establishes the law of the case***, 'may be revisited only when intervening events justify that step.'" *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (citing *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir.1999)). As the Third Circuit held in *Doe v. American Red Cross*, 14 F.3d 196, 200 (3d Cir. 1993), "re-removal" is permissible only "on grounds different than the first removal." (quoted with approval in *Midlock*). Or as the Supreme Court held in this very case, this Court's 2004 remand order is a "forum designation that is conclusive." *Kircher*, 126 S. Ct. at 2157. The Seventh Circuit's October 16 opinion left unresolved whether *Dabit* constitutes "an intervening change of law" of the sort that "may or may not justify a successive removal." *Kircher IV*, 468 F.3d at 444 ("we reserved that question above"). But every other court to have ever addressed the issue has held that a change in the law is ***not*** an event that revives an otherwise expired right to remove a case.

The right to remove a case from state to federal court is purely a creation of statute, and the procedure for removing a case is therefore strictly governed by the general removal statute. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3721 ("The right to remove a case from a state to a federal court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress."). The exclusive authority for effectuating the removal of a case is 28 U.S.C. § 1446 entitled "Procedure for removal." Section 1446(b) provides for removal in two circumstances: within 30 days of service of the summons or, "[i]f the case stated by the initial pleading is not removable," within 30 days after the

defendant's receipt "of a copy of an … order or other paper from which it may first be ascertained that the case is one which is or has become removable …."

Virtually every court to have interpreted section 1446(b) has agreed that an appellate ruling announcing a new rule of removability is almost never an "order" that makes a case removal. Not surprisingly, Defendant does not cite a single case in support of its Notice of Removal, and the reason is there is no persuasive authority that supports it.

In *Doe*, the Third Circuit held that the Red Cross could remove a case against it a second time due to the Supreme Court's entry of an order in another Red Cross case in which the Court had specifically stated that "the Red Cross is 'thereby authorized to removal from state to federal court of ***any*** state-law action it ***is*** defending.'" *Id*. at 201 (quoting *American Nat'l Red Cross v. S.G.*, 505 U.S. 247, 112 S. Ct. 2465, 2467 (1992)). The Third Circuit explained "that an order, as manifested through a court decision, must be sufficiently related to a pending case to trigger Section 1446(b) removability." *Id.* at 202-203. The court further held "that an order is sufficiently related when … the order in the case came from a court superior in the same judicial hierarchy, ***was directed at a particular defendant*** and expressly ***authorized that same defendant to remove*** an action against it in another case involving similar facts and legal issues." *Id.* at 203. The court stressed that its holding was "extremely confined" and "narrow" based on "unique circumstances." *Id.* at 202, 203. *See also Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267 (5th Cir. 2001) (noting that in *Doe* "the court explicitly limited its holding to the situation where ***the same party was a defendant in both cases***, involving similar factual situations, and the order expressly authorized removal").

There is no such circumstance in the present case. The defendant was not a party to the *Dabit* case. That incontrovertible and uncontroverted fact takes this case outside the "extremely confined" and "narrow" exception recognized in *Doe* and *Green*.

Obviously, neither the November 2006 nor December 2006 removal was within 30 days of service of the summons on this defendant, and both are untimely under that provision. But can it now be said that "the case stated by the initial pleading [was] not removable"? According to the defendant, the case *was* removable, as the Seventh Circuit held in *Kircher II* and as the Supreme Court held with respect to the initial pleading in *Dabit*. 11/13/06 Notice of Removal at 2.

Yet the defendant seeks to have it both ways because also according to it the case was *not* removable back in 2003 and 2004. According to the defendant, this Court's 2004 remand order "This *case was not removable* when first filed.'" 11/13/06 Notice of Removal at 2 (emphasis added). For the Court to entertain *this* contention, however—as the necessary first step in applying the case-stated-by-the-initial-pleading-is-not-removable provision of section 1446(b)— the Court would necessarily have to reach exactly the opposite conclusion reached by *Kircher II* (and *Dabit*, as the defendant interprets that decision). In other words, the Court would necessarily have to reach the conclusion that this case was *not removable* in 2003 or 2004. Of course, since the complaint is the same now as it was then, the case would still not be removable today if it wasn't removable back then. So for the defendant, its second removal argument is a catch-22. Either the case was not removable in 2003 and is thus still not removable, or it was removable in 2003 and this removal 3 years later is somewhat incurably belated.

Even were the Court to entertain the kinds of arguments that are available to a defendant when "the case stated by the initial pleading is not removable," those kinds of arguments do not

benefit the defendant in this case. First of all, the exclusive provision of the general removal statute which the defendant has invoked is that which grants a defendant the right to remove within 30 days of its receipt of an "order" "from which *it may first be ascertained* that the case is one which is or has become removable …." 28 U.S.C. § 1446(b). But when could it "first be ascertained that the case is one which is or has become removable"? The defendant removed the case *in 2003* on the very same grounds it has now removed again more than three years later. Only a tortured interpretation of the plain English meaning of the statutory language would permit the conclusion that a basis for removable *first asserted* in 2003 was only "first ascertainable" *two years later* in 2005 (when *Kircher II* was decided) or *three years later* in 2006 (when *Dabit* was decided). The November 2006 Notice of Removal glosses right past this issue and thus predictably fails to resolve it.

Moreover, which "order or other paper" within the meaning of section 1446(b) made it first ascertainable that the case is or has become removable? Pacific Life claims that *Kircher IV* makes the case re-removable because it "for the first time since the change in law" wrought by *Dabit* "has placed this case in a position to be removed (*i.e.*, back in state court). 11/13/2006 Notice of Removal at 8. In fact, Pacific Life's calculus is off by three months. This case, as will be discussed next, returned to state court by operation of law last July. The last conceivable time Pacific Life could have removed the case was in August, over three months ago. The November removal is thus three months late, and the December removal is almost four months late.

Ultimately it makes no difference whether the successive removal here is barred by section 1447(d) or by the law of the case doctrine. Either way, the original 2004 remand order in this case is, according to both the Seventh Circuit and the Supreme Court, "conclusive." *Kircher*,

126 S. Ct. at 2157. Likewise, in *Parthasarathy*, the Seventh Circuit accorded this Court's 2004 remand order similar, unconditional preclusive effect:

> *Parthasarathy* was removed in 2003 *and remanded as outside federal jurisdiction* in 2004. The Artisan defendants appealed; the Price and AIM defendants did not. That left in force the district court's decision against the non-appealing defendants. When they removed again in 2005, **the district court should have remanded** without regard to the conclusion of *Kircher II*—for **the Price and AIM defendants are bound by the district court's adverse decision**, notwithstanding the fact that both this court (in *Kircher II* ) and the Supreme Court (in *Dabit* ) have held that the district judge's 2004 decision was mistaken.

*Kircher IV*, 468 F.3d at 443. Thus, just as the Seventh Circuit's now-vacated decision in *Kircher II* did not justify the T. Rowe Price and AIM defendants' second pre-*Dabit* removal, there is no reason for treating this post-*Dabit* removal differently. *Id*. at 444 ("a pre-*Dabit* successive removal cannot be justified by that later development [*i.e.*, the Supreme Court's decision in *Dabit*], and certainly not by the Price and AIM defendants"). It is therefore not subject to the Monday-morning-quarterbacking of the sort defendant seeks here.

Those "nearly three years of jurisdictional advocacy" in *Kircher* which "confirm the congressional wisdom" embodied by the section 1447(d) bar have now become **more than** three years, because the defendant obstinately refuses to accept that, right or wrong, this Court's 2004 remand order is a "forum designation that is conclusive." Right or wrong, there can be no second-guessing of the Court's 2004 remand order, not by the Seventh Circuit, not by the Illinois state courts, not by the U.S. Supreme Court—and not by this Court, either. "The district court has one shot, right or wrong." *In re La Providencia Dev. Corp.,* 406 F.2d at 253. The Court took that one shot in 2004, and whether *Dabit* forecloses the claims Plaintiff has asserted in this case is now an issue for Illinois state courts to decide.

> [*I*]*n this case*, the funds can presently argue the significance of *Dabit* and ask for dismissal on grounds of preclusion **when they return to the state court**. … Here, we have no reason to doubt that the state court will duly apply *Dabit's* holding ….

*Kircher*, 126 S.Ct. at 2156-57 (emphases added).

The grounds the defendant now proffers for removing this case are the very same grounds it proffered in its first removal of the case. In its original notice of removal, defendant made exactly the same SLUSA argument it has now made in its second and third notices of removal. In both its October 23, 2003 Notice of Removal and its November 13, 2006 Notice of Removal the defendant removed on identical grounds:

| **2003 NOTICE OF REMOVAL** | **2006 NOTICE OF REMOVAL** |
|---|---|
| Defendants … hereby remove the above-entitled action … to the United States District Court for the Southern District of Illinois pursuant to 23 [sic] U.S.C. §§ 1441 and 1446 and the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 78bb ("SLUSA"). | "Defendants hereby remove this action to the District Court for the Southern District of Illinois pursuant to 15 U.S.C. § 77p & 77bb(f) and/or 28 U.S.C. §§ 1441 and 1446(b). |

10/23/2003 Notice of Removal at 1 and 11/13/2006 Notice of Removal at 1. *See also* 10/23/2003 Notice of Removal at ¶ 6 ("The Court has subject matter jurisdiction over this action pursuant to SLUSA") and 11/13/2006 Notice of Removal at ¶ 14 ("SLUSA does permit removal of this case"). Sections 77p and 77bb(f) are "substantially identical" and thus do not provide different grounds for removal. *See Kircher*, 126 S. Ct. at 2151 at n.3 (quoting *Dabit*, 126 S.Ct. at 1511, n.6).

There are no removal "do-overs." Neither the defendant nor this Court gets a second shot at deciding whether this case should be heard in federal court or state court. The 2004 remand order is the final, unreviewable law of the case and is therefore "conclusive." Either the law of

the case doctrine or section 1447(d)—or both—denies this Court the authority to consider whether *Dabit* is "controlling here," as the defendant maintains or whether *Dabit* "unequivocally rejects the *sole* basis for the 2004 remand order—*viz.*, that SLUSA does not apply to so-called 'holder' class actions." 11/13/06 Notice of Removal at 6. Moreover, *Kircher* requires that issue to be considered (if the defendant chooses to raise it again, as it presumably will) in ***state***, not federal, courts. *Kircher*, 126 S.Ct. at 2156-57 ("***in this case***, the funds can presently argue the significance of *Dabit* and ask for dismissal on grounds of preclusion ***when they return to the state court***").

II.   **The Supreme Court's judgment in *Kircher* reinstated this Court's 2004 remand order and placed the parties and this litigation *back in state court* in July, thus making August 2006 the latest conceivable time during which the defendant could have re-removed the case. Its November 2006 and December 2006 removals are thus untimely.**

It is hornbook law "[t]he effect of a general and unqualified reversal of a judgment, order, or decree is to nullify it completely and to leave the case standing as if such judgment, order, or decree had never been rendered, except as restricted by the opinion of the appellate court." 5 C.J.S. *Appeal and Error* § 959 (2006). "Where a judgment of an intermediate court, holding erroneous a judgment below, is in its turn held to be erroneous by a higher court, the second reversal will usually operate to restore the judgment of the trial court." *Id. See also* 5 AM. JUR. 2D *Appellate Review* § 861 (2006) ("A complete reversal generally annuls the judgment below, and the case is put in the same posture in which it was before the judgment was entered. Thus, after the reversal on appeal, the parties' rights are left wholly unaffected by any previous determination that was reversed.")

Moreover, "[a] reversal of a judgment or decision of a lower court such as this places the case in the position it was before the lower court rendered that judgment or decision, ***and vacates all proceedings and orders dependent upon the decision which was reversed***." *Phebus v.*

11

*Dunford*, 198 P.2d 973, 974 (Utah 1948) (emphasis added). The cases are legion holding that the effect of a reversal of a judgment is to "put the parties in the same position as if no judgment had been entered."[4] *Bondy v. Harvey*, 62 F.2d 521, 522 (2d Cir. 1933).

Here, prior to the Seventh Circuit's now-vacated June 29, 2004, jurisdictional decision in *Kircher I*, this case was remanded to state court and pending there. There were no pending proceedings in this Court; all proceedings here were terminated by the Court's 2004 remand order. In each of the cases, when the district court clerk transmitted a certified copy of the remand order to the state court, the district court immediately lost all jurisdiction over that case.[5] *Hammond Hotel & Improvement Co. v. Finlayson*, 6 F.2d 446, 447 (7th Cir. 1925) ("by the very act of remandment the further jurisdiction of the District Court over the action ceased"). *See also* 20 Charles A. Wright & Mary Kay Kane, Federal Practice and Procedure Deskbook § 43 (2006) (upon state court's receipt of remand order "the federal court is without power to vacate the order to remand, even if it be persuaded that the order was erroneous"). As a result of the Supreme Court's disposition of *Kircher*, that was once again the posture of this case no later than July 17, 2006, when the Supreme Court Clerk issued the Court's final judgment in *Kircher*.

---

[4] *See, e.g., Simmons v. Price*, 18 Ala. 405 (Ala. 1850); *Shilts v. Young*, 643 P.2d 686 (Ala.1981); *Palmer v. Carden*, 389 S.W.2d 428 (Ark. 1965); *Central Savings Bank of Oakland v. Lake*, 257 P. 521 (Cal. 1927); *Carpy v. Dowdell*, 63 P. 780 (Cal.1901); *Coit v. Sistare*, 84 A. 119 (Conn. 1912); *Marshall & Spencer Co. v. People's Bank of Jacksonville*, 101 So. 358 (Fla. 1924); *Franklyn Gesner Fine Paintings, Inc. v. Ketcham*, 375 S.E.2d 848 (Ga. 1989); *Mohler v. Wiltberger*, 74 Ill. 193 (Ill. 1874); *Doughty v. State Dept of Public Welfare*, 121 N.E.2d 645 (Ind. 1954); *Clay v. Clay*, 707 S.W.2d 352 (Ky. Ct. App. 1986); *Knight's Adm'r v. Illinois Cent. R. Co.*, 136 S.W. 874 (Ky. 1911); *Carpenter Realty Corp. v. Imbesi*, 2002 WL 1340330 (Md. 2002); *Delano v. Wilde*, 77 Mass. 17 (Mass. 1858); *LeBleu v. Jim Murphy & Associates, Inc.*, 557 So.2d 526 (Miss. 1990); *Crispen v. Hannovan*, 86 Mo. 160 (Mo. 1885); *O'Brien v. Great Northern R. Co.*, 421 P.2d 710 (Mont. 1966); *Landy v. Lesavoy*, 119 A.2d 11 (N.J. 1955); *Hayden v. Florence Sewing-Mach. Co.*, 54 N.Y. 221 (N.Y. 1873); *Bergstrom v. Bergstrom*, 320 N.W.2d 119 (N.D. 1982); *Wilson v. Kreusch*, 675 N.E.2d 571 (Ohio Ct. App. 1996); *Turk v. Page*, 174 P. 1081 (Okla. 1918); *Russell v. Board of County Com'rs, Carter County*, 952 P.2d 492 (Okla. 1997); *Brown v. Brown*, 331 S.E.2d 793 (S.C. Ct. App. 1985); *Moore v. North American Van Lines*, 462 S.E.2d 275 (S.C. 1995); *Janssen v. Tusha*, 297 N.W. 119 (S.D. 1941); *Flowers v. Flowers*, 589 S.W.2d 746 (Tx. Ct. App. 1979).

[5] *United States v. Rice*, 327 U.S. 742 (1946); *Board of Educ. of the City of New York v. City-Wide Comm. for the Integration of Schools*, 342 F.2d 284 (2d Cir. 1965); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3d Cir. 1995); *Hunt v. Acromed Corp.*, 961 F.2d 1079 (3d Cir. 1992); *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166 (5th Cir. 1986); *Browning v. Navarro*, 743 F.2d 1039 (5th Cir. 1984).

Jun 15 2006 Judgment VACATED and case REMANDED. Souter, J., delivered the opinion of the Court, in which Roberts, C.J., and Stevens, Kennedy, Thomas, Ginsburg, Breyer, and Alito, JJ., joined, and in which Scalia, J., joined as to Parts I, III, and IV. Scalia, J., filed an opinion concurring in part and concurring in the judgment.

**July 17 2006 JUDGMENT ISSUED**.

For purposes of this litigation, on July 18, 2006, the clock rolled back to June 28, 2004: after this Court had remanded the case to state court but before the Seventh Circuit erroneously held that it had jurisdiction to review that remand order on appeal. And on June 23, 2004, this case was like all of its companion cases pending and proceeding in Illinois state court. The time to try to re-remove was then, not now.

The Supreme Court held in *Kircher* that the Seventh Circuit never acquired jurisdiction over the *Kircher* cases, and it is axiomatic that "any 'decision' by a court lacking subject matter jurisdiction is a nullity, void ab initio." *Alabama Hosp. Ass'n v. U.S.*, 656 F.2d 606, 610 (Ct. Cl. 1981). *See*, *e.g.*, *Fleming v. Lake Delton Dev. Co.*, 241 F.2d 865, 866 (7th Cir. 1957) (order entered by court lacking jurisdiction is void); *Federal Savings and Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980) (where the "court lacks jurisdiction to adjudicate the principal matter, its orders purporting to grant the ancillary relief … are likewise beyond its jurisdiction and as such are void ab initio"); *In re Federal Facilities Realty Trust*, 227 F.2d 651, 656 (7th Cir. 1955) (district court's order "in a cause already on appeal was void ab initio...".).All proceedings after *Kircher II* in this Court in 2005 were the direct result of the appellate court's since-vacated judgment in *Kircher II* which that court lacked jurisdiction to render. Therefore, this Court similarly lacked jurisdiction to entertain any of the post-*Kircher II* proceedings, including the Court's purported dismissal of the case (which the Seventh Circuit properly vacated on remand from the Supreme Court). Those acts are therefore a nullity, void *ab initio*. It is as if they never happened.

The short answer to all of this is that the Supreme Court intended for this case to proceed now in state court, not in this Court. *Kircher*, 126 S.Ct. at 2156, 2157 n.15 & accompanying text ("the funds can presently argue the significance of *Dabit* and ask for dismissal on grounds of preclusion when they return to the state court"; "we have no reason to doubt that the state court will duly apply *Dabit*'s holding that [SLUSA precludes] holder claims," but whether the investors "charg[e] fraud or manipulation, not mismanagement … is open to consideration on remand" in state court). The Court should therefore remand the case again to state court.

        /s/ Robert L. King
Robert L. King
701 Market Street, Suite 350
St. Louis, MO 63101
Phone: (314) 621-4002
Fax: (314) 621-2586

## CERTIFICATE OF SERVICE

The undersigned certifies that service of the foregoing document was made by means of the Notice of Electronic Filing on May 13, 2005 to the following counsel of record:

**Steven B. Feirson**
Dechert LLP
1717 Arch Street, 4000 Bell Atlantic Tower
Philadelphia, PA 19103
steven.feirson@dechert.com

**Larry E. Hepler**
Burroughs, Hepler et al.
 103 West Vandalia Street
Suite 300, P.O. Box 510
Edwardsville, IL 62025-0510
leh@ilmolaw.com

**Kathleen N. Massey**
Dechert LLP - New York
30 Rockefeller Plaza
New York, NY 10112
kathleen.massey@dechert.com

**Stephen J. McConnell**
Dechert LLP - Philadelphia
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA 19103-2793
stephen.mcconnell@dechert.com

**Nory Miller**
Dechert LLP - Philadelphia
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA 19103-2793
nory.miller@dechert.com

**W. Jason Rankin**
Burroughs, Hepler et al.
103 West Vandalia Street
Suite 300, P.O. Box 510
Edwardsville, IL 62025-0510
wjr@ilmolaw.com

          /s/Robert L. King
ROBERT L. KING
701 Market Street, Suite 350
St. Louis, Missouri 63101