IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES E. SPURGEON, individually and on behalf of all others similarly situated, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 06-cv-0925-MJR |
| PACIFIC LIFE INS. CO., | )<br>)<br>) | |
| Defendant. | ) | |
| ------------------------------------------------------------------------------------------- | | |
| TERRY SPURGEON, as custodian for the benefit of James E. Spurgeon, and JAMES E. SPURGEON, individually & on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 06-cv-0983-MJR |
| PACIFIC LIFE INS. CO., | )<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Defendant Pacific Life originally removed this putative class action suit in May 2004 (Case No. 04-cv-0355-MJR). After soliciting and reviewing briefs, the undersigned Judge found subject matter jurisdiction lacking and remanded the case to the Circuit Court of Madison County, Illinois. Defendant Pacific Life challenged that remand in the United States Court of Appeals for the Seventh Circuit.[1]

---

[1] The appeal was given Case Number 04-2687 in the Seventh Circuit.

In April 2005, the Seventh Circuit reversed this Court and directed the undersigned Judge to "undo" the remand Order and "dismiss plaintiffs' state-law claims." ***Kircher, et al. v. Putnam Funds Trust, et al.*, 403 F.3d 478, 484 (7th Cir. 2005).** On May 27, 2005, in accord with the Seventh Circuit's mandate, the undersigned Judge "undid" his remand Order, found subject matter jurisdiction to lie, and dismissed Plaintiff's claims with prejudice. Judgment was entered accordingly (against Plaintiff and in favor of Defendant Pacific Life) on May 31, 2005.

*Plaintiff* appealed that Order.[2] The Seventh Circuit stayed the appeal, pending the result of other nearly identical market-timing cases on which the United States Supreme Court had granted certiorari.

Ultimately, in ***Kircher v. Putnam Funds*, 126 S. Ct. 2145, 2155-56 (2006)**, the Supreme Court concluded that the Seventh Circuit had lacked appellate jurisdiction to review the undersigned Judge's Order remanding the case (plus several similar remand Orders by other Judges of this District). The Supreme Court found that the remand Orders were subject to **28 U.S.C. § 1447(d)**'s provision barring review of remands based on lack of subject matter jurisdiction.

On October 16, 2006, the Seventh Circuit – in an Order involving roughly two dozen similar market-timing suits – explained that all but one of the suits in the appeal "must be remanded to state court" in the wake of ***Kircher***. The Seventh Circuit divided the cases into three groups for analysis: (1) an "initial" ten appeals; (2) seven "Potter" appeals, and (3) two "Parthasarathy" appeals. Plaintiff's appeal from this Court's dismissal Order (Case No. 05-3011) fell within the Potter group, as to which the Seventh Circuit noted: "Each of these cases ... must return to the state court in which it was filed...." ***In re Mutual Fund Market-Timing Litigation*, 468 F.3d 439, 442**

---

[2]      That appeal was Case Number 05-3011 in the Seventh Circuit.

**(7th Cir. 2006).**[3]

The Seventh Circuit's mandate was issued November 14, 2006 and docketed in this Court on November 17, 2006. On November 20, 2006, in accord with that mandate, the undersigned Judge entered an Order <u>vacating</u> the May 2006 judgment in favor of Defendant and <u>remanding</u> this case to Circuit Court of Madison County, Illinois.

But *before* that happened, the parties proceeded as if the case *already* were back in state court. Without waiting for the Seventh Circuit to issue a mandate, and without waiting for this Court to vacate the judgment against him, Plaintiff moved to reopen the case in Madison County. Judge Nicholas Byron granted that motion on November 9, 2006. Not surprisingly, four days later (still *before* the mandate issued and before this Court vacated the judgment and remanded the case to Madison County), Pacific Life re-removed the case from Madison County to this District Court.

What had been Case No. 04-cv-0355-MJR in this Court, was re-removed, randomly assigned to Judge J. Phil Gilbert and designated as Case No. 06-cv-0925-JPG.

One week later, the undersigned Judge entered the Order in Case No. 04-cv-0355-MJR vacating the prior judgment and remanding this matter to Madison County. Apparently, in an abundance of caution, Pacific Life – on November 28, 2006 – then *re*-re-removed the case to this Court, where it was randomly assigned to Chief Judge G. Patrick Murphy and designated as Case No. 06-cv-0983-GPM. Upon realizing that their cases were simply re-removals of the undersigned Judge's original case (04-cv-0355-MJR), Judge Murphy and Judge Gilbert transferred the cases back to the undersigned Judge.

---

[3] The Seventh Circuit issued the opinion on October 16, 2006 but amended/corrected it on October 23, 2006.

So, now pending before the undersigned Judge are *two separate* re-removals of the same state court lawsuit.

Further complicating the tortuous procedural path of this litigation is the fact that the two removals of the *same* Madison County lawsuit bear slightly different names. Case No. 06-cv-0925 lists James Spurgeon as the lead Plaintiff. Case No. 06-cv-0983 lists Terry Spurgeon ("custodian for James Spurgeon") as lead Plaintiff.

Clearly there should be one operative (most recent) state court amended complaint, and *that* single complaint should have been filed with the notices of removal in both these cases. However, the notices of removal were accompanied by a tangled set of multi-part exhibits, which appear on the docket sheet for Case No. 06-cv-0925 as follows.

    Attachments:  #1 Civil Cover Sheet
                            #2 Exhibit A
                            #3 Exhibit A
                            #4 Exhibit Exhibit A
                            #5 Exhibit Exhibit A
                            #6 Exhibit Exhibits B, C, D

At some point in the state court proceedings, Judge Byron permitted amendment of the complaint.[4] The amended complaint lists <u>James</u> Spurgeon as lead Plaintiff. Presumably that is the more recent (*i.e.*, correct) caption for this case, and no further pleading should bear the "Terry Spurgeon, as custodian for ... James E. Spurgeon" caption. But the docket sheet for the most recent removal (Case No. 06-cv-0983) lists Terry Spurgeon as the lead Plaintiff, and the record before the undersigned Judge is so muddy that doubts linger as to which state court complaint is most recent.

---

    [4]    Comparison of the March 12, 2004 complaint and the September 2004 first amended complaint suggests that James was substituted in place of his father, Terry. Paragraph 10 of the November 2006 removal notice in Case No. 06-cv-0925 buttresses this conclusion.

The procedural history of this case is convoluted. Questions remain as to the proper named/lead Plaintiff, whether Case No. 06-cv-0925 and Case No. 06-cv-0983 are removals of the same underlying action (if so, from which state court complaint?), and whether the two cases should be consolidated. Moreover, the Court needs to conduct threshold jurisdictional review once it pins down which parties and case(s) are actually before it.

Accordingly, the Court sets a **STATUS CONFERENCE** at **10:00 am on Friday, January 12, 2007.** Counsel for Pacific Life shall bring a copy of the most recent state court complaint. Counsel for Plaintiffs and Pacific Life should be prepared to address who the proper named/lead Plaintiff is. Counsel also should be prepared to address why Case No. 06-cv-0925 ought not be DISMISSED for lack of jurisdiction, as that case was removed *before* the Seventh Circuit issued its mandate, and well before the undersigned Judge vacated the judgment against Plaintiffs and remanded the case to Madison County. Plaintiffs' counsel should be ready to address why they moved Judge Byron to reopen the case prior to it being remanded from this Court via the undersigned Judge's November 20, 2006 Order (Doc. 63 in Case No. 04-cv-0355).

Due to the pendency of unripe motions in the later-removed case (06-cv-0983), the undersigned Judge does **not** intend to delve at length into subject matter jurisdiction and the propriety of removal in *that* case.[5] Given the interwoven nature of these cases (successive removals of what appears to be the same underlying complaint), however, overlap undoubtedly will occur. Counsel should be prepared accordingly.

---

[5] Three motions are pending in Case No. 06-cv-0983. Pacific Life's 11/30/06 motion to consolidate cases (Doc. 3) may be discussed and/or resolved at the January 12th status conference. But the Court will allow responsive briefs to be filed to Pacific Life's 12/5/06 motion to dismiss (Doc. 4) and Plaintiffs' 12/14/06 motion to remand (Doc. 10).

Questions regarding the January 12, 2007 status conference may be addressed to Law Clerk Sheila O'Malley Hunsicker at 618-482-9229.

IT IS SO ORDERED.

DATED this 20th day of December 2006.

                                        s/ Michael J. Reagan
                                        MICHAEL J. REAGAN
                                        United States District Judge