IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. SPURGEON, individually and on behalf of behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 06-cv-0925-MJR ) and ) Case No. 06-cv-0983-MJR |
| PACIFIC LIFE INS. CO., | ) ) |
| Defendant. | ) |

MEMORANDUM and ORDER

REAGAN, District Judge:

The above-captioned market timing case originally was removed to this Court in May 2004 and assigned Case No. 04-0355. A remand and various appeals followed, culminating in a June 2006 opinion by the United States Supreme Court.[1] The Court of Appeals for the Seventh Circuit issued an opinion in October 2006 and issued a mandate on November 14, 2006.

The Seventh Circuit's opinion concluded: "All of these cases … must be remanded to state court." *In Re Mutual Fund Market-Timing Litigation*, 468 F.3d 439, 444 (7th Cir. 2006). In compliance with that directive, on November 20, 2006 the undersigned Judge vacated the judgment against Plaintiff and remanded the case to Madison County. *See* Doc. 63 in Case No. 04-0355.

---

[1] *Kircher v. Putnam Funds*, 126 S. Ct. 2145 (2006).

1

But <u>before</u> the Seventh Circuit issued its mandate or the undersigned Judge remanded the case to state court, Plaintiff's counsel obtained leave to reopen the case in state court.  *See* November 9, 2006 Order of Judge Nicholas G. Byron.  Pacific Life removed the case here four days later (resulting in Case No. 06-0925).  Pacific Life again removed the case *after* the Seventh Circuit mandate issued (resulting in Case No. 06-0983).  The first case was randomly assigned to Chief Judge G. Patrick Murphy, and the second was randomly assigned to Judge J. Phil Gilbert.

Quickly realizing that *both* cases (06-0925 and 06-0983) were re-removals of the *same* underlying action (04-0355), those Judges transferred their cases to the undersigned District Judge, who had presided over the earlier proceedings and entered judgment in favor of Pacific Life in May 2005.

In the wake of the re-removal of the litigation, the parties filed motions.  Counsel presented oral argument on several of the motions at a January 12, 2007 status conference.  At the conclusion of that conference, the Court (a) took under advisement a motion to consolidate the two cases and (b) set a revised briefing schedule on the motions to remand and dismiss.[2]  The remand and dismissal motions still are being briefed, but the issue of consolidation is ripe for disposition.

Pacific Life moved to consolidate the two cases on November 30, 2006.  *See*

---

[2]   The January 2007 conference also straightened out the proper named plaintiff and caption for this litigation – *James Spurgeon, individually and on behalf of all others similarly situated, vs. Pacific Life Ins. Co.*

Doc. 3 in Case No. 06-0983.  At that time, the cases were pending before two *different* District Judges (Judges Murphy and Gilbert).  Pacific Life asked to consolidate the two cases into the lower-numbered case, a motion that Plaintiff did not oppose.  *See* Doc. 11, p. 2 in Case 06-0983.

At the January 2007 status conference, the undersigned Judge raised questions as to whether the earlier case (06-0925) was removed prematurely, because the Seventh Circuit had not yet issued its mandate, and the undersigned Judge had not yet vacated the judgment in favor of Pacific Life and remanded the case to state court. The undersigned Judge noted Seventh Circuit precedent explaining the effect of a mandate.  *See, e.g., Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995)("**Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court.  Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity.**").  The parties engaged in thorough and spirited debate as to whether the case could properly proceed in state court *prior to* issuance of the Seventh Circuit's mandate.

The potential pitfalls of the November 13th (pre-mandate) removal can be avoided by consolidating the cases into the *higher-numbered* action.  This Court does generally  consolidate cases into the lower-numbered case.  That practice discourages judge-shopping and serves as a uniform method to determine which District Judge will keep the case.  In addition to uniformity and predictability, consolidating into the lower-numbered case generally makes sense, as the older case may have had more activity (and

thus more judge-involvement) than the later-filed case.

In the instant case, *both* cases are pending before a single District Judge. There is no concern regarding judge shopping, as consolidation into either case will not change the presiding judge. And the two removals were literally days apart, so this is not a situation in which one judge has gained a superior familiarity by working on a case for several months before a second action is filed or removed.

The goals supporting the typical practice among the District Judges in this Court are not impeded in any way by consolidating into the higher-numbered case here. Moreover, the higher-numbered case involves both a *post*-mandate removal by Pacific Life AND a timely-filed remand motion by Plaintiff.

Plaintiff's counsel <u>attempted</u> to file a remand motion in the earlier-removed case (06-0925) but claims to have accidentally filed that motion in the later-removed case (06-0983). He explains (Doc. 11 in Case No. 06-0925) that – "through a clerical error" – the December 14th remand motion (Doc. 10) intended to be filed in Case 06-0925 was *mistakenly* filed in Case 06-0983. The record buttresses this contention, and the Court believes the pleading in question simply was filed in the wrong case. But dual obstacles prevent the Court from simply treating the December 14th remand motion *as if* it had been filed in the right case.

First, the Court is puzzled that this simple clerical error was not caught more promptly. It is easy enough to cut and paste the wrong caption on a motion, but would/should that "clerical error" not have been noticed by someone promptly? Not

until December 29th did Plaintiff's counsel ask the Court to construe the December 14th remand motion as filed in the other case. By that time the 30-day deadline to seek remand based on any procedural defects had elapsed. *See* 28 U.S.C. § 1447(c); *Adkins v. Illinois Central R. Co.*, 326 F.3d 828, 846 (7th Cir. 2003).

Second and more troublingly, even if the Court construed the December 14th remand motion as having been filed in the correct case (06-0925), the motion was late. It was due on or before December 13, 2006. It was filed in the early morning hours of December 14, 2006.

Seeking to correct the mis-filing of the December 14th remand motion, Plaintiff's counsel declares that he was experiencing difficulties with his internet service or modem late that night. *See* Declaration of Counsel, Doc. 11-2 at p. 2. He stresses that he had logged into this Court's cm/ecf system and successfully filed a remand motion in *another* case in this Court (*Potter v. Janus,* Case No. 06-0929-DRH), so he should be treated as if he had shown up at the Clerk's office, motion in hand, *before* the midnight deadline.

The Pennsylvania case, *Freeman v. Giacomo Costa Fu Andrea*, 282 F. Supp. 525 (E.D. Pa. 1968), suggests that – under appropriate circumstances (in a pre-electronic filing world) a lawyer should be deemed to have filed a pleading when he arrived at the courthouse. The fact scenario is not analogous to the case at bar.

Here, it is as if Plaintiff's counsel was at the courthouse to timely file the *Potter* motion, then he left and *returned* to the courthouse just after midnight. If he

5

shows up at one minute after midnight in the clerk's office (whether that office is bricks-and-mortar or electronic), he will have missed the December 13th deadline.

The remand motion was not filed on December 13th. One minute after midnight on December 14th is still a December 14th filing. The failure to leave sufficient time to e-file both the *Potter* motion and the motion in the instant case cannot be excused based on a late-night internet glitch. Knowing that such glitches occur, counsel who wait until the 30th day to file key motions should allot enough time on that day to e-file their motions even *if* internet service becomes temporarily uncooperative.

Plaintiff's counsel also asserts that the doctrine of equitable tolling permits this Court to construe the December 14th motion as filed a day earlier. In his reply brief on the motion to correct (Doc. 21 in 06-0925), Plaintiff's counsel directs the Court's attention to a recent Seventh Circuit case – *Farzana K. v. Indiana Department of Education*, – F.3d –, 2007 WL 16217 (7th Cir. Jan. 4, 2007). In that case, the Seventh Circuit held that a suit should not have been dismissed based on the e-filing system's inability to correct a typographical error in the case number.

The assertion is unpersuasive. Filing belatedly (what happened here) is not the same as timely filing a pleading with the wrong case number (as in *Farzana*). As that Court noted:

> That leaves the 30-day time limit. Plaintiff submits that equitable tolling excuses the delay, but that doctrine deals with situations in which timely filing is not possible despite diligent conduct.... **Waiting until the last hours is not diligent**; the errors that often accompany hurried action do

6

> not enable the bungling lawyer to grant himself extra time....
> Nothing prevented plaintiff's lawyer from acting a day or a
> week earlier, so that counsel could recover from any gaffe.

*Farzana*, 2007 WL 16217, *2 (**emphasis added**).

There is *no* timely remand motion in Case 06-0925, but there is a timely remand motion in Case 06-0983. This – like the ability to skirt much of the procedural quicksand involving the arguably premature removal in Case 06-0925 – supports consolidation into the *higher*-numbered case.

The Court gave all parties a chance to identify (at oral argument and in subsequently filed briefs) any prejudice that would result from consolidating these actions into the higher-numbered case. Neither party articulated any prejudice or even any genuine objection to such consolidation. *See* Docs. 20 & 23 in 06-0983.

Accordingly, the Court **GRANTS** Pacific Life's November 30, 2006 motion to consolidate (Doc. 3 in Case 06-0983) and **CONSOLIDATES** Case No. 06-0925 <u>into</u> Case No. 06-0983. **All further pleadings shall be filed <u>in</u> Case No. 06-0983.**

Consolidation **RENDERS MOOT** the following motions:

- Doc. 3 in Case 06-0925;
- Doc. 11 in Case 06-0925;
- Doc. 29 in Case 06-0925;
- Doc. 10 in Case 06-0983.

Still pending are three motions in Case 06-0983 – Docs. 4, 13, and 27. The first two are still being briefed, but the Court can quickly dispense with Doc. 27.

In that motion, Pacific Life moves to strike Plaintiff's January 31st

7

memorandum opposing dismissal (Doc. 25). That memorandum *was* filed belatedly. As with the December 14th remand motion, the January 31st brief was filed just after midnight on the date the applicable deadline expired.

A critical distinction exists between these two belated filings, though. To permit late filing of the <u>remand</u> motion, this Court would run afoul of a statutory time-limit – the 30-day remand deadline Congress imposed in 28 U.S.C. § 1447(c). That is a concrete deadline, and failure to meet it has real consequences. To the contrary, the deadline for the <u>brief opposing dismissal</u> was set *by the undersigned Judge*, is flexible, and would have easily been extended via motion to enlarge the filing period.

In the interest of getting the substantive issues fully briefed and (eventually) reaching the merits of the remand and dismissal motions, the Court **GRANTS** a one-day extension of the January 30th response deadline and **DENIES** Pacific Life's motion (Doc. 27 in Case 06-0983) to strike Plaintiff's January 31st response.

NO FURTHER FILINGS SHALL BE MADE IN CASE NO. 06-0925.

IT IS SO ORDERED.

DATED this 6th day of February 2007.

                              s/ Michael J. Reagan
                              Michael J. Reagan
                              United States District Court