IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. SPURGEON,<br>individually and on behalf of<br>all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>PACIFIC LIFE INS. CO.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-cv-0983-MJR<br> Consolidated with<br> Case No. 06-cv-0925-MJR |

# MEMORANDUM and ORDER

**REAGAN, District Judge:**

   This putative class action originated in Illinois state court and challenges a market-timing trading strategy used by Pacific Life, a manager of mutual funds and issuer of variable annuities. The case trekked a long and winding procedural road before being re-removed to this District Court four months ago. The action comes now before the Court on lead Plaintiff James Spurgeon's remand motion, filed December 14, 2006 and fully briefed by counsel.

   This is one of several market-timing cases which were removed to this District Court in 2004, randomly assigned to three District Judges, remanded to Illinois state court, appealed to (and reversed by) the United States Court of Appeals for the Seventh Circuit, and ultimately taken on certiorari by the United States Supreme Court. Subject matter jurisdiction is invoked under the federal question statute, 28 U.S.C. § 1331, based on the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(1)(A).

   The central question is whether defects in Pacific Life's removal procedure warrant

remand of the case to the Circuit Court of Madison County, Illinois.

Pacific Life removed this case pursuant to 28 U.S.C. 1446(b). Section 1446(b) provides that if a case stated by the initial pleading was not removable, it may be removed within 30 days after the defendant receives an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Pacific Life maintains that its November 2006 removal came within 30 days of the "orders from which it could first be determined that it was removable" (Removal Notice, Doc. 2-1, p. 2).

More specifically, Pacific Life asserts that the case became removable when one of two things happened in November 2006: (1) a Madison County Circuit Court Judge reopened the case on November 9, 2006, or (2) the undersigned District Judge entered an Order on November 20, 2006 which vacated a prior judgment in favor of Pacific Life and remanded the case to Madison County.

Both Orders on which re-removal is premised were issued in the wake of the United States Supreme Court's June 2006 opinion in *Kircher v. Putnam Funds Trust*, **126 S. Ct. 2145 (2006)("*Kircher III*")**. Analysis begins here.

In *Kircher III*, the high Court held that the remand Orders entered by the Judges of this District Court in 2004 (challenged by Pacific Life via direct appeal) were nonappealable under 28 U.S.C. § 1447(d). So, the Seventh Circuit lacked jurisdiction to review (and reverse) this Court's remand Orders in the market-timing cases.

On October 16, 2006, in *In Re Mutual Fund Market-Timing Litigation*, **468 F.3d 439** (also known as "*Kircher IV*"), the Seventh Circuit announced what *Kircher III* required in the

twenty-some cases which had been appealed.[1]  The Court divided the lawsuits into three groups for analysis.  The appeal in the above-captioned case (Appeal No. 05-3011 – Plaintiff's appeal from Judge Reagan's May 2005 Order and Judgment in favor of Pacific Life) fell into the group termed the "Potter appeals,"[2] each of which – the Seventh Circuit explained – "must return to the state court in which it was filed."  The Seventh Circuit's opinion concluded: "All of these cases .... must be remanded to state court."  *Id.* **at 444**.

The Seventh Circuit issued the mandate in this consolidated appeal on November 14, 2006.  Six days later, on November 20th, in accord with the express instructions of the Seventh Circuit, the undersigned Judge vacated the May 2006 judgment in favor of Pacific Life and remanded this case to state court.

Before the Seventh Circuit issued its mandate (and before this Court's November 20th Order remanding the case to Madison County), Plaintiff's counsel asked the state court (Judge Nicholas G. Byron) to reopen the case.  At that time, Plaintiff's counsel understandably but incorrectly believed the case already was back in state court, despite the fact the Seventh Circuit had not issued its mandate.[3]

---

[1] The Seventh Circuit issued the opinion on October 16, 2006 and amended it on October 23, 2006.

[2] Confusingly, the Seventh Circuit referred to an *earlier* appeal herein (Appeal No. 04-2687, Pacific Life's appeal from the June 2004 remand Order) as part of a separate group for analysis.  ***See Market Timing Litigation*, 468 F.3d at 440 ("Ten of the appeals listed in the caption (Nos. ... & 04-02687) ... are dismissed for lack of jurisdiction.  This means the suits will return to Illinois courts under orders that the district court entered in 2004.").**

[3] ***See, e.g., Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995)("Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court.**

Judge Byron granted the motion and reopened the case in Madison County Circuit Court on November 9, 2006. Pacific Life removed the case four days later, and it was assigned Case No. 06-0925 in this Court. After the undersigned Judge issued the November 20th Order, Pacific Life (taking no chances) again removed the case. It was assigned Case No. 06-0983. Case No. 06-0925 later was consolidated into Case 06-0983.

Plaintiff argues: "There are no removal 'do-overs'" (Doc. 13, p. 11). He contends that (1) the law of the case doctrine or (2) 28 U.S.C. § 1447(d) prohibits this Court from "reconsidering" its earlier conclusion that this case fell outside the reach of SLUSA; (3) Pacific Life cannot remove this case based on *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* **126 S. Ct. 1503 (2006),** even *if* that case changed existing law; and (4) this removal was not based on an order or other paper "from which it may first be ascertained" that the case is or has become removable. According to Plaintiff, the undersigned District Judge had one shot at deciding where this case belonged (state or federal court), and "right or wrong" the 2004 remand Order constitutes a "forum designation that is conclusive" (Doc. 13, p. 10). Thus, Plaintiff reasons, whether *Dabit* forecloses Plaintiff's claims is a decision that only the Illinois state court now can make.

This Court can easily dispose of Plaintiff's first two arguments. Neither the law of the case doctrine nor 28 U.S.C. § 1447(d) blocks re-removal herein.

Section 1447(d) provides that a District Court's "remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Plaintiff interprets the "or

**Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity.")**

otherwise" to forbid the re-removal of this case.  Contrary to that interpretation, the Seventh Circuit plainly has held that the phrase blocks only avenues of *appellate* review of a remand order (such as mandamus), "and **the provision ... does not preclude successive removals.**"  *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 456 (7th Cir. 2005)(emphasis added).

Plaintiff also insists that the undersigned Judge's 2004 remand Order was a conclusive forum designation under the "law of the case" doctrine.  That doctrine, however, does not preclude a district judge from reconsidering his prior rulings in a case, *if* the law has changed or developed in the interim.

The Seventh Circuit has explained:

> The authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, ... is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).  *See also Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005)(Law of the case doctrine embodies **a presumption that earlier rulings will stand, unless compelling reasons exist, "such as new controlling law.");** *Colaizzi v. Walker*, 812 F.2d 304, 310 (7th Cir. 1987)(**"an intervening change of law is a familiar reason for refusing to apply the law of the case doctrine").**

So the law of the case doctrine does not thwart re-removal.

More importantly, the law of this Circuit recognizes that certain "new developments," such as changes in or clarifications to existing law, may permit a second or successive removal.  ***See, e.g., Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 756 (7th Cir. 2006)("A second removal is proper when based on a new development.");** *Erb v. Alliance Capital Mgt, L.P.*, 423 F.3d 647,

**653 (7th Cir. 2005),** *citing Benson v. SI Handling Systems, Inc.*, **188 F.3d 780, 783 (7th Cir. 1999)(successive removals are not per se barred).**

In *Benson*, **188 F.3d at 783**, the Seventh Circuit expressly *rejected* a broad anti-multiple-removal rule. The Court said "No" to the question: "should we now create a rule forbidding multiple attempts to removal civil cases to federal court?" Stressing that "[n]othing in § 1446 forecloses multiple petitions for removal," and pointing out that § 1446(b) actually *implies* that an unsuccessful earlier removal attempt is not dispositive, the Court expounded (*id.* **at 782**):

> only one court of appeals has considered that possibility - and it has held that a litigant may try more than once. O'Bryan v. Chandler, 496 F.2d 403 (10th Cir. 1974). Section 1446(b) implies the same conclusion.... Multiple removals could encounter problems ... if nothing of significance changes between the first and second tries....
>
> The only effect of adopting an absolute one-bite rule would be to encourage plaintiffs to be coy.... Plaintiffs ... apparently believ[ed] that ... the failed removal ... had locked the case into state court. We see no reason to reward game-playing of this kind.... Now that it is clear that the jurisdictional requirements ... have been met, this case must be resolved in federal court.

In the case at bar, Plaintiff essentially concedes that *certain* events might justify re-removal, but he vehemently maintains that the Supreme Court's opinion in *Dabit*, **126 S. Ct. 1503 (2006),** is <u>not</u> such an event (*see* Doc. 13, pp. 5-6). As to the *particular* case at bar, the Court agrees.

*Dabit* held that SLUSA preempts state law-based class action claims brought by *holders* of securities, thereby resolving a conflict between the Second Circuit and the Seventh Circuit. The Supreme Court in *Dabit* validated the Seventh Circuit's approach (taken in *Kircher v. Putnam Funds Trust*, **403 F.3d 478 (7th Cir. 2005)("*Kircher II*")**), and held that SLUSA preempts a broad range of state law class action claims, including holders of securities as well as purchasers/sellers of securities. *Dabit*, **126 S. Ct. at 1515.**

Clearly ***Dabit*** constitutes an intervening change of law, but does it justify a fresh try at removal in *this* case? In ***Market-Timing Litigation*, 468 F.3d 439**, the Seventh Circuit left that question open. Addressing whether or not the cases in the so-called "Potter" group of appeals should be sent back to state court, the Seventh Circuit proclaimed:

> Each of these cases therefore must return to the state court in which it was filed, just as Kircher III concluded.
>
> According to the mutual funds, this would be a pointless step, because they can remove the cases again, the district court will exercise jurisdiction (for Dabit shows that removal is proper) and resolve the cases on the merits yet again, and we will see a new set of appeals in short order.
>
> Defendants invite us to short-circuit this process and resolve the issues now. Yet if defendants follow the strategy they have outlined, plaintiffs will reply that federal law allows only one removal. The mutual funds will argue that a second removal is authorized either by 28 U.S.C. § 1446(b) (a new 30-day period for removal opens once an order first demonstrates that the case is removable) or by SLUSA. Plaintiffs tell us that they will respond that Dabit is not such an "order" (because in their view "order" means "order in a case to which the removing litigant was a party") and that SLUSA does not allow removal after the period specified by § 1446(b). There will be time enough to address these arguments if they become important; their resolution ought not be anticipated before the steps that make them relevant have been taken.
>
> ... Dabit supplies an intervening change of law and may or may not justify a successive removal; we reserved that question above.

***Market-Timing Litigation*, 468 F.3d at 442-44.**

This Court finds that although ***Dabit*** (a significant change in the law) might justify a fresh removal of some cases, it did not do so here.

First and foremost, Pacific Life's removal in *this* litigation was not based on **Dabit.**[4] Even if it had been, the undersigned Judge doubts that an Order – such as **Dabit** -- issued in a separate case with different parties allows successive removal of this case under 28 U.S.C. § 1446(b). ***See July 12, 2005 Order in Bradfisch v. Templeton*, Doc. 24 in Case No. 05-0298-MJR, at pp. 3-4 ("the cases which interpreted a new appellate court opinion as an 'order' permitting later removal under § 1446(b) involved a key fact that appears to be absent here. In those cases, the removing defendant was a party involved in the appeal that resulted in the order being used as a basis for removal."). *See also February 1, 2007 Order (Doc. 16) in Dudley v. Putnam Investment Funds*, Case No. 06-0940-GPM, at pp. 13-15.** Plus, at the time **Dabit** was handed down, this case was not in a procedural posture from which it could *be* re-removed.[5]

That disposes of three of four arguments raised in Plaintiff's remand motion. As to the fourth argument, the Court must carefully scrutinize Pacific Life's two bases for removal.

As quoted earlier herein, Section 1446(b) provides that if a case stated by the initial pleadings is not removable, it may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case ... has become removable."

Pacific Life contends that – based on the rulings handed down herein – this case was

---

[4] Pacific Life's memo opposing remand (Doc. 22, pp. 12-14) flatly states that **Dabit** is not the "order or other paper" on which Pacific Life's November 2006 removal was grounded. Rather, Pacific Life relies on "orders issued in *this* case" – the November 9, 2006 Judge Byron Order and November 20, 2006 Judge Reagan Order discussed supra.

[5] But, as Pacific Life correctly points out, this Court need not reach the question of whether **Dabit** constitutes an "order or other paper" (*see* Doc. 22, p. 14).

not removable when first filed.   The undersigned Judge so ruled when he rejected Pacific Life's initial removal attempt in the October 2004 remand Order.  Whether that remand Order was correct, incorrect, later challenged, affirmed or reversed on appeal, it was conclusive at that time.   So the case was not initially removable.  The issue then is whether and when the case later *became* removable.

Pacific Life argues that this case first became removable when Judge Byron reopened the action in state court on November 9, 2006 **or** when the undersigned District Judge remanded this case to Judge Byron on November 20, 2006 (*see* Doc. 63 in Case No. 04-0355-MJR).   Without a doubt, Pacific Life's notice of removal was filed within 30 days of both of those two events.   The tougher question is whether Judge Byron's November 9, 2006 Order *or* this Court's November 20, 2006 Order is an order or other paper from which it could "first be ascertained" that the case had become removable.

Judge Byron's Order reopening the state court case does not fit the bill.  First, it is far from clear that the matter was back in Madison County, such that Judge Byron had the authority to reopen the case at that point.  No mandate had issued,  and the Seventh Circuit had explicitly declared that this case "must be remanded to state court," ***Kircher IV,*** 468 F.3d at 444, a step this Court had not yet taken as of November 9, 2006.

Therefore, this case (Appeal No. 05-3011, Spurgeon's appeal from the May 2005 Order entering judgment in favor of Pacific Life) still was before the Seventh Circuit and appears to fall within the rule announced in ***Kusay*, 62 F.3d at 193-94:** "Until the mandate issues, the case

is 'in' the court of appeals, and any action by the district court is a nullity."[6]

If this District Court lacked power to take action until the Seventh Circuit issued its mandate, then it is difficult to imagine how the state court could – prior to issuance of that same mandate – reopen the case and forge ahead. Even if Judge Byron had the power to reopen the case before the Seventh Circuit completed its work and issued the mandate, his one-sentence Order (Exhibit C to Removal Notice, Doc. 2) was a purely administrative act and did not make the case removable.

Which leaves the only other basis presented for removal – the undersigned Judge's November 20, 2006 Order remanding the case to state court in the wake of *Kircher IV* (the Seventh Circuit's October 2006 *Market Timing Litigation* opinion). The November 20th Order (Doc. 63 in Case No. 04-0355) implemented the directive of the Seventh Circuit's *Kircher IV* mandate by vacating the May 2005 judgment in favor of Pacific Life and remanding the case to Madison County. At that point, *for the first time*, several planets aligned – (a) there were grounds for removal (the recent holdings on SLUSA preemption), (b) the Seventh Circuit had issued its mandate as to *this* case, **and** (c) the undersigned Judge had returned this case to state court, putting it in a posture from which removal was possible. Having been docketed on November 20,

---

[6] *Kusay* may not govern all the appeals that were consolidated before the Seventh Circuit in *Kircher IV*. But this *particular* appeal (Appeal No. 05-3011) fell within the "Potter" group of appeals and needed to be sent back to state court – unlike the other cases the Seventh Circuit described as having returned "to Illinois courts under orders that the district court entered in 2004." *Kircher IV*, **468 F.3d at 440**. As noted earlier herein, an *older* appeal number for this same case (No. 04-2687) was included – confusingly – in the section of *Kircher IV* analyzing another group of cases – the "initial ten appeals" (not the "Potter" appeals). But Appeal No. 05-3011 – the later appeal from Case No. 04-0355-MJR – is the operative appeal, as it is the appeal from this Court's May 2005 Order "undoing" the initial remand and entering judgment for Pacific Life.

2006, that Order triggered a fresh 30-day removal period under § 1446(b). As required by statute, Pacific Life's November 28, 2006 removal notice was timely-filed within thirty days of the Order rendering the case removable. **28 U.S.C. § 1447(b).**

At first blush, it may seem counterintuitive to conclude that the November 20, 2006 remand Order (which typically would indicate the *absence* of subject matter jurisdiction) qualifies as an "order ... which it may first be ascertained that the case ... has become removable." But the remand Order herein was entered pursuant to the Seventh Circuit's mandate, issued as a result of *its* lack of jurisdiction to engage in appellate review, as determined by the Supreme Court.

Cases generally follow a defined path on the way to and from the Supreme Court. They originate at the District level, move to the Circuit level, and (sometimes) culminate at the Supreme Court. Here, the return path was just the reverse. When the Supreme Court ruled that the Seventh Circuit had lacked appellate jurisdiction, the case followed – in the opposite direction – the path it had taken on the way *to* the Supreme Court. The case first went back to the Seventh Circuit, where an opinion and mandate were issued (in October and November 2006, respectively). Next– at least as to *this* appeal – the District Court had to remand the case to state court, consistent with the Seventh Circuit's directive. When the undersigned accomplished that task, a new time frame for removal commenced. Pacific Life promptly availed itself of that opportunity to remove.

Accordingly, the Court **DENIES** Plaintiff's remand motion (Doc. 13).

Having determined that this case was properly removed and subject matter jurisdiction lies, the Court now turns to Defendant's pending dismissal motion, which argues that this case cannot be maintained in *any* court, since it falls within the parameters of SLUSA. Plaintiff's claims are embraced within the broad reach of SLUSA's preemption provision, as made

clear by the Supreme Court's unanimous 2006 decision in ***Dabit***.

***Dabit*** instructs that claims such as Plaintiff's are preempted: "no 'covered class action' based on state law an alleging 'a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security' may be maintained in any State or Federal court by any private party." ***Id.* at 1511-14, *quoting* 15 U.S.C. § 78bb(f)(1)(A).** The fact that the plaintiff may be a holder (rather than a seller or purchaser of securities) "is irrelevant" for SLUSA preemption purposes. ***Id.* at 1515.** Plaintiff's claims are preempted by SLUSA and cannot be maintained in this or any other Court.

Therefore, this Court **GRANTS** Defendant's December 4, 2006 motion (Doc. 4) and **DISMISSES** this case **with prejudice**.

IT IS SO ORDERED.

DATED this 6th day of March 2007.


s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge