**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES E. SPURGEON, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **Case No. 06-cv-0983-MJR** (Consolidated with No. 06-cv-0925-MJR) |
| **vs.** | ) | |
| **PACIFIC LIFE INS. CO.,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On March 6, 2007, finding subject matter jurisdiction to lie in this market-timing case, the undersigned Judge denied a December 2006 remand motion and dismissed the case with prejudice. The March 6th Order concluded (Doc. 36, pp. 11-12):

> Plaintiff's claims are embraced within the broad reach of SLUSA's preemption provision, as made clear by the Supreme Court's unanimous 2006 decision in *Dabit*.
>
> *Dabit* instructs that claims such as Plaintiff's are preempted: "no 'covered class action' based on state law an alleging 'a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security' may be maintained in any State or Federal court by any private party." *Id.* **at 1511-14,** *quoting* **15 U.S.C. § 78bb(f)(1)(A).** The fact that the plaintiff may be a holder (rather than a seller or purchaser of securities) "is irrelevant" for SLUSA preemption purposes. *Id.* **at 1515.** Plaintiff's claims are preempted by SLUSA and cannot be maintained in this or any other Court.

Judgment was entered accordingly on March 6, 2007. On March 20, 2007, Plaintiff Spurgeon moved to alter the judgment, asserting that (a) the undersigned Judge erred in finding Defendants' re-removal of this case proper, (b) the Court should have remanded the case or alternatively dismissed it *without* prejudice and, therefore, (c) the Court should alter the judgment and grant Plaintiff "leave to amend his complaint to state a claim that is not precluded by SLUSA" (Doc. 38 at pp. 1, 3, 16).

Federal Rule of Civil Procedure 59(e) governs Spurgeon's motion to alter or amend judgment.[1] A District Court may alter or amend a judgment under Rule 59(e) only "when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, **433 F.3d 542, 546 (7th Cir. 2006).** *Accord Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Although Rule 59 relief is appropriate if the movant "presents newly discovered evidence that was not available at the time of trial or ... points to evidence

[1] "A motion to alter or amend a judgment is deemed filed under Rule 59(e) of the civil rules, which tolls the time for filing an appeal from the judgment, if the motion is filed within 10 days after entry of the judgment, which means after the Rule 58 judgment order has been docketed." *Borrero v. City of Chicago*, **456 F.3d 698, 699 (7th Cir. 2006).** The ten days are computed in accord with Rule 6(e), to exclude weekends and legal holidays. Spurgeon's motion to alter/amend judgment was filed on the tenth day following entry of judgment, so it was timely filed under Rule 59(e).

in the record that clearly establishes a manifest error of law or fact," such relief is not properly awarded based on arguments or theories that could have been proffered before the district court rendered judgment. *County of McHenry v. Insurance Co. of the West*, **438 F.3d 813, 819 (7th Cir. 2006),** *citing LB Credit Corp. v. Resolution Trust Corp*., **49 F.3d 1263 (7th Cir. 1995).**

The Seventh Circuit has emphasized that Rule 59(e) may not be used to relitigate issues already argued or to present new arguments that *could have been presented* before judgment was entered. *See, e.g., Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7th Cir. 1996);** *Bally Export Corp. v. Balicar Ltd.*, **804 F.2d 398, 404 (7th Cir. 1986);** *Publishers,* **762 F.2d at 561.**

The Court of Appeals firmly reiterated this point last year:

> Motions to alter or amend judgments are no place to start giving evidence that could have been presented earlier.... ("Unlike the Emperor Nero, litigants cannot fiddle as Rome burns."). Litigation must sometime come to an end, and the limit on Rule 59 motions advances that goal.

*Dal Pozzo v. Basic Machinery Co., Inc*., **463 F.3d 609, 615 (7th Cir. 2006).** Nor can a party use Rule 59(e) "to undo its own procedural failures." *Harrington*, **433 F.3d at 546,** *citing Bordelon v. Chicago School Reform Board of Trustees,* **233 F.3d 524, 529 (7th Cir. 2000).**

In support of his motion to alter or amend judgment here, Spurgeon either rehashes arguments already presented to (and rejected by) this Court (e.g., that there was no "order or other paper" from which Defendants could re-remove the case) OR

advances new legal theories which could have been (but were not) raised before the Court entered judgment (e.g., that he should be given leave to again amend the complaint to, in essence, plead *around* SLUSA).[2]

Spurgeon has neither presented newly discovered evidence nor demonstrated a manifest error of law or fact. Accordingly, the Court DENIES his Rule 59(e) motion to alter or amend judgment herein (Doc. 38).

IT IS SO ORDERED.

DATED this 16th day of April 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge

---

2 Defense counsel correctly notes that Spurgeon belatedly raised (and thereby waived) another ground urged for remand -- that the November 20, 2006 Order was not an "order" within the meaning of § 1446(b) and thus did not support removal (*see* Doc. 40, pp. 8-9).