# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

<u>NOTICE OF ISSUANCE OF MANDATE</u>

DATE:      August 6, 2007

TO:        Norbert G. Jaworski
           United States District Court
           Southern District of Illinois
           Room 142
           750 Missouri Avenue
           P.O. Box 186
           East St. Louis, IL   62202

FROM:      Clerk of the Court

RE:        07-1695
           Dudley, Steve v. Putnam Invest Mgmt
           06 C 940, G. Patrick Murphy, Chief Judge
           07-2053
           Potter, Robert v. Janus Capital Mgmt
           06 C 929, David R. Herndon, Judge
           07-2142
           Spurgeon, James E. v. Pacific Life Insurance
           06 C 983 & 06 C 925, Michael J. Reagan, Judge
           07-2244
           Potter, Robert v. Janus Capital Mgmt
           06 C 929, David R. Herndon, Judge

           Herewith is the mandate of this court in this appeal, along
           with the Bill of Costs, if any.  A certified copy of the
           opinion/order of the court and judgment, if any, and any
           direction as to costs shall constitute the mandate.

           [X] No record filed
           [ ] Original record on appeal consisting of:
**ENCLOSED:**                                            **TO BE RETURNED AT LATER DATE:**
           [ ]     Volumes of pleadings                  [ ]
           [ ]     Volumes of loose pleadings            [ ]
           [ ]     Volumes of transcripts                [ ]
           [ ]     Volumes of exhibits                   [ ]
           [ ]     Volumes of depositions                [ ]

**NOTE TO COUNSEL:**
           If any physical and large documentary exhibits have been filed in
           the above-entitled cause, they are to be withdrawn ten days from the
           date of this notice.  Exhibits not withdrawn during this period will
           be disposed of.

           Please acknowledge receipt of these documents on the enclosed copy
           of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
           Received above mandate and record, if any, from the Clerk, U.S.
           Court of Appeals for the Seventh Circuit.
Date:      _____       _____
(1071-120397)      AUG 0 8 2007                Deputy Clerk, U.S. District Court

           CLERK, U.S. DISTRICT COURT
           SOUTHERN DISTRICT OF ILLINOIS
           EAST ST. LOUIS OFFICE

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604



JUDGMENT- WITHOUT ORAL ARGUMENT

Date: July 13, 2007

BEFORE:          Honorable FRANK H. EASTERBROOK, Chief Judge

                Honorable MICHAEL S. KANNE, Circuit Judge

                Honorable DIANE P. WOOD, Circuit Judge

Nos. 07-1695, 07-2053, 07-2142, & 07-2244

IN THE MATTER OF:

MUTUAL FUND MARKET-TIMING LITIGATION

Appeals from the United States District Court for the
Southern District of Illinois
No. 06 C 940, G. Patrick Murphy, Chief Judge
No. 06 C 929, David R. Herndon, Judge
Nos. 06 C 983 and 06 C 925, Michael J. Reagan, Judge

    The motion for voluntary dismissal in Spurgeon, See Fed. R. App. P. 42(b), has not been opposed by the appellee and is therefore GRANTED. Costs are taxed against appellants. This also means that motions to defer briefing in Dudley and Potter pending the disposition of Spurgeon are DENIED. Both Dudley and Potter must be DISMISSED, with costs, for lack of appellate jurisdiction. The above is in accordance with the decision of this court entered on this date.

(1060-110393)

CERTIFIED COPY
A True Copy;
Teste:

_____
Clerk of the United States
Court of Appeals for the
Seventh Circuit.

CERTIFIED COPY

In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 07-1695, 07-2053, 07-2142 & 07-2244

IN THE MATTER OF:

MUTUAL FUND MARKET-TIMING LITIGATION

Appeals from the United States District Court
for the Southern District of Illinois.

SUBMITTED JULY 2, 2007—DECIDED JULY 13, 2007

---

Before EASTERBROOK, *Chief Judge*, and KANNE and WOOD, *Circuit Judges*.

PER CURIAM. We have for decision multiple motions in three cases: *Dudley v. Putnam Investment Funds*, No. 07-1695; *Potter v. Janus Investment Fund*, Nos. 07-2053 & 07-2244; and *Spurgeon v. Pacific Life Insurance Co.*, No. 07-2142.

The motion for voluntary dismissal in *Spurgeon*, see Fed. R. App. P. 42(b), has not been opposed by the appellee and is therefore granted. Costs are taxed against appellants. This also means that motions to defer briefing in *Dudley* and *Potter* pending the disposition of *Spurgeon* are denied. Both *Dudley* and *Potter* must be dismissed, in turn, for lack of appellate jurisdiction.

These suits are among the many that were remanded to state court by *In re Mutual Fund Market-Timing Litigation*, 468 F.3d 439 (7th Cir. 2006) (*Kircher IV*), in the wake

of the Supreme Court's decision in *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) (*Kircher III*). The district judges assigned to these suits had held that federal jurisdiction was lacking. That belief was incorrect, see *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006), but *Kircher III* held that a district judge's error in applying the Securities Litigation Uniform Standards Act of 1998 does not support appellate review of a remand, given 28 U.S.C. §1447(d).

After the cases returned to state court, defendants filed renewed notices of removal, asserting that *Dabit* is a new "order" that creates another opportunity for removal under 28 U.S.C. §1446(b). Chief Judge Murphy, who handled *Dudley* and *Potter*, disagreed, holding that the word "order" in §1446(b) means a decision about subject-matter jurisdiction in the current litigation, made by the state judge before whom the suit is pending, and not the decision in some other case (such as *Dabit*) with different litigants. *Dudley* and *Potter* were remanded again. See *Dudley v. Putnam Investment Funds*, 472 F. Supp. 2d 1102 (S.D. Ill. 2007); *Potter v. Janus Investment Fund*, 483 F. Supp. 2d 692 (S.D. Ill. 2007).

Defendants have appealed. Just as in *Kircher III*, §1447(d) precludes appellate review.

Section 1447(d) provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." The Supreme Court has held that this statute, despite the breadth of its language, affects only remands made on the authority of §1447(c), which covers lack of jurisdiction or defect in removal procedure. See, e.g., *Powerex Corp. v. Reliant*

*Energy Services, Inc.*, 127 S. Ct. 2411 (2007) (summarizing the Court's understanding of §1447(d)).

*Dudley* and *Potter* were remanded on the ground that the notices of removal not only were untimely, having been filed years after the suits commenced, but also were successive and represented attempts to relitigate issues decided adversely to defendants in *Kircher IV*. Just one removal is allowed per case, the court believed. See *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453 (7th Cir. 2005). Successive and untimely removals are procedurally defective, and thus within the scope of §1447(c), so §1447(d) and the holding of *Kircher III* are fully applicable.

Defendants reply that a motion to remand based on a defect in removal procedure must be filed within 30 days (a limit set by §1447(c) itself), yet plaintiffs did not advance their reading of the word "order" before that time expired. A district court's failure to respect the 30-day limit is reviewable on appeal, see *In re Continental Casualty Co.*, 29 F.3d 292, 295 (7th Cir. 1994), and it is on this ground that defendants maintain that we have appellate jurisdiction.

This line of argument misunderstands the relation between §1447(c) and §1446(b). The remands are not based on any reading of §1446(b); they are based on a conclusion that notices of removal have come too late and too often. Plaintiffs did not exceed the 30 days allowed to seek remand, nor did the district court remand *sua sponte*; *Continental Casualty* therefore is irrelevant. Defendants invoked §1446(b) in response to plaintiffs' motion; the district court held that §1446(b) does not vindicate defendants' strategy. Such a holding does not invent an extra-statutory ground of remand; it just implements a statutory ground. Contrast *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780 (7th Cir. 1999).

Plaintiffs' motions to remand did not need to anticipate and refute the defendants' potential response to the problems the motions identified.

Now it may be that Chief Judge Murphy misunderstands the meaning of the word "order" in §1446(b) and that the removals were proper. But §1447(d) blocks appellate inquiry into whether the district judge is mistaken. That's the holding of *Kircher III* and *Powerex*, among many other decisions. See, e.g., *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723 (1977). Otherwise §1447(d) would mean only that proper remands can't be reversed, and then it would have no effect at all. Thus "[a]ny remand order falling within the scope of §1447(c) lies outside our jurisdiction, regardless of the correctness of the district court's reasoning." *Holmstrom v. Peterson*, No. 05-3670 (7th Cir. July 3, 2007), slip op. 12.

District Judge Reagan, who declined to remand *Spurgeon*, disagrees with Chief Judge Murphy's understanding of §1446(b). See *Spurgeon v. Pacific Life Insurance Co.*, 2007 U.S. Dist. LEXIS 15663 (S.D. Ill. Mar. 7, 2007). Appellate review within the federal system to resolve this conflict is possible only when the district judge keeps the suit and rules on the merits.

The appeals in *Dudley* and *Potter* are dismissed for want of jurisdiction.

A true Copy:

Teste:

*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-02-C-0072—7-13-07